Judge Birch
delivered the opinion of the court.
The bill in this case alleged a fraudulent combination between the •sheriff of Gasconade and the plaintiff in error (defendant below) in the *531 sale and purchase of certain real estate, under an execution against the plaintiff below, (appellee here) and prays therefor that the pretended sale be declared void, and the property re-conveyed to him.
The fraudulent collusion is alleged to have consisted in advertising the sale to take place on the 23rd of September, 1846, selling the property on the 24th, and making the return upon the execution and the recitals in the deed conform to the day of the advertisement, instead of the day of sale.
The sheriff was originally included as a party, but the bill was sub« sequently dismissed as to him, and a decree for re-conveyance entered against the other defendant.
As the testimony in the case, upon which the decree seems founded, does not appear in the bill of exceptions, the question presented by the demurrer is the only one properly before us by the record.
The statutory enactments, that the recitals in such a deed are to be regarded as “evidence of the facts therein stated,” and the general doctrine that they cannot be impeached in a collateral proceeding by the defendant in the execution, deemed inapplicable in a case like the present. Here, fraud is the very gist of the action; and we cannot conceive a cause of proceeding better adapted, as well to redress the particular wrong complained of, as to remove all subsequent cloud from the title to an estate, alleged thus wrongfully to have been sold and deeded away, for a sum merely nominal in comparison with the real value.
The suit, therefore, seems to have been properly brought, and no reason appearing upon the record why the decree should be disturbed,, it is affirmed.